Thomas E. Loeser (SBN 202724)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
toml@hbsslaw.com

Peter B. Fredman (SBN 189097)
**LAW OFFICE OF PETER FREDMAN PC**
125 University Ave, Suite 102
Berkeley, CA 94710
Tel: (510) 868-2626
Fax: (510) 868-2627
peter@peterfredmanlaw.com

Attorney for Plaintiffs LOWELL and GINA SMITH,
for themselves and persons similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL and GINA SMITH, husband and wife, and WILLIAM KIVETT, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSTAR BANK, FSB, a federal savings bank, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:18-CV-05131-WHA<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR (1) VIOLATION OF UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*) AND (2) BREACH OF CONTRACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs LOWELL and GINA SMITH, husband and wife, and WILLIAM KIVETT, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against the above named defendants, demand a trial by jury on all claims so triable, and allege on information and belief as follows:

1
First Amended Class Action Complaint
Smith v. Flagstar Bank

## INTRODUCTION

1. This class action addresses Defendant Flagstar Bank's policy and practice of failing to pay interest on money it routinely holds in mortgage escrow accounts for California borrowers.

2. The policy and practice is contrary to California Civil Code § 2954.8(a) ("Section 2954.8(a)"), which requires the following:

> Every financial institution that makes loans upon the security of real property containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

3. Section 2954.8(a) is not preempted by federal law. *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018).

## PARTIES

4. Plaintiffs LOWELL and GINA SMITH (the "Smiths") are residents of Contra Costa County, California.

5. Plaintiff WILLIAM KIVETT ("Mr. Kivett") is a resident of Ventura County, California.

6. Defendant FLAGSTAR BANK, FSB ("Flagstar") is a federal savings bank doing business throughout California. Flagstar's headquarters and principle place of business is 5151 Corporate Drive, Troy, Michigan.

7. Plaintiffs are not aware of the true names and capacities of the defendants sued as Does 1-100, inclusive, and therefore sue these defendants by such fictitious names. Each

of these fictitiously named defendants is responsible in some manner for the activities alleged in this complaint. Plaintiffs will amend this complaint to add the true names of the fictitiously named defendants once they are discovered.

8. Plaintiffs allege on information and belief that at all times relevant hereto each of the defendants, including each Doe, was the agent, principle, servant, master, employee, employer, joint-venturer, partner, successor-in-interest, and/or co-conspirator of each other defendant and was at all said times acting in the full course and scope of said agency, service, employment, joint venture, concert of action, partnership, successorship, or conspiracy, and that each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this complaint.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and minimal diversity exists. Plaintiffs are citizens of California and Flagstar is a citizen of Michigan (where it has its principal place of business).

10. Venue is proper in this Court because defendant's unlawful conduct occurred and its liability to Plaintiffs arose within this judicial district, where defendant conducts substantial business.

11. Intradistrict Assignment: This case should be assigned to the San Francisco or Oakland division pursuant to Civil L.R. 3-2(c) because it arose in Contra Costa County.

## FACTS

**The Smiths**

12. On October 27, 2004, the Smiths obtained a mortgage loan secured by their home at 4291 Wilson Lane, Concord, Contra Costa County, California, 94521-1261. Their mortgage loan agreement with the lender is memorialized and secured by a promissory note and deed of trust (the "Smith DOT").

13. The Smiths DOT is a standard Fannie Mae/Freddie Mac form. Its Uniform Covenants include paragraph 3, entitled "Funds For Escrow Items," which provides for the lender's establishment of an escrow account for the payment of property taxes and insurance premiums and other potential charges related to the property in accordance with the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2609; 12 C.F.R. § 1024.17.

14. Under Section 2954.8(a), the loan servicer, on behalf of the lender, was required to pay interest on the Smiths' escrow account funds.

15. Under paragraph 3 of the Smith DOT, the loan servicer, on behalf of the lender, was required to pay interest on the escrow account funds if doing so was required by applicable law.

16. At some point prior to 2012 Flagstar took over the servicing of the Smiths' mortgage account, assigning it the loan number 004000545. Flagstar remained the loan servicer until a subsequent servicing transfer to an unrelated servicer on August 4, 2015.

17. During the period that it serviced the Smiths' mortgage, Flagstar created an escrow account pursuant to paragraph 3 of the DOT, and held their money in that escrow account, but did not pay them interest on those funds as required by Section 2954.8(a).

18. On July 13, 2018, the Smiths gave written notice and demand for cure of their grievance pursuant to paragraph 20 of the Smith DOT. Flagstar has not cured or offered to cure.

**Mr. Kivett**

19. On September 19, 2012, Mr. Kivett obtained a mortgage loan from Flagstar secured by his home at 1873 Love Circle, Simi Valley, Ventura County, California, 93063-4322. His mortgage loan agreement with the lender was memorialized and secured by a promissory note and deed of trust (the "Kivett DOT").

20. The Kivett DOT is a standard FHA California deed of trust form. Its Uniform Covenants, in paragraph 2, provide for the lender's establishment of an escrow account for the payment of property taxes and insurance premiums and other potential charges related to the property in accordance with the RESPA.

///

21. Under Section 2954.8(a), the loan servicer, on behalf of the lender, was required to pay interest on Mr. Kivett's escrow account funds.

22. Flagstar serviced Mr. Kivett's mortgage, assigning it the loan number 503667220, from its inception in 2012 until he refinanced about April 2015.

23. During the period that it serviced Mr. Kivett's mortgage, Flagstar created an escrow account as provided for in the Kivett DOT, and held his money in that escrow account, but did not pay him interest on those funds as required by Section 2954.8(a).

24. On September 20, 2018, the Mr. Kivett gave written notice and demand that Flagstar pay him and persons similarly situated interest on their escrow accounts as required by Section 2954.8(a).

25. On October 3, 2018, Flagstar responded by letter stating that it did not pay interest on escrow in connection with any accounts where Flagstar held the master servicing rights "because of a preemption we are currently exercising" and only started paying interest on accounts in its subserviced portfolio in January 2017.

## CLASS ALLEGATIONS

26. This class action is brought pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure by the individual named Plaintiffs on behalf of themselves and the following Class and Sub-Class:

> **The Class**
> All persons who had mortgage loans serviced by Flagstar on 1-4 unit residential properties in California and paid Flagstar money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, but did not receive interest on the amounts held by Flagstar in their escrow accounts (the "Class").
>
> **The Sub-Class**
> All Class members whose loans were secured by deeds of trust forms providing for the payment of interest on escrow accounts when required by applicable law (the "Sub-Class")

27. Plaintiffs reserve the right under Rule 23 to amend or modify the Class definition or add further division into subclasses or limitation to particular issues based on the results of discovery.

28. Plaintiffs do not know the exact size or identities of the proposed Class because that information is in the control of defendants. Plaintiffs allege on information and belief that the Class encompasses thousands of members, whose identities are readily ascertainable based on defendants' records.

29. Common questions of fact and law predominate over any questions affecting only individual members because all putative Class members are subject to the same California law and, on information and belief, were subject to the same policies and practices by defendants.

30. Plaintiffs' claims are typical of the claims of the Class members, and Plaintiffs do not have any conflicts with the interests of any other Class members.

31. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class action and consumer mortgage matters such as this.

32. A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings throughout the state. The amounts of money at stake for the individual Class members are too small to justify and support litigation of this sort on an individual basis.

### 1st CLAIM FOR RELIEF
### Unfair Competition Law

33. The preceding paragraphs are incorporated by reference.

34. California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice.

35. Defendants engaged in "unlawful" business practices under the UCL based on the violation of Section 2954.8(a) alleged above.

36. Defendants also engaged in "unfair" business practices under the UCL because their conduct was substantially harmful to consumers and lacked any legitimate utility.

37. Plaintiffs and Class members were injured in fact and lost money and property as

a result of defendants' violations of the UCL as alleged herein.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## 2nd CLAIM FOR RELIEF

### Breach of Contract

### On Behalf of the Sub-Class Only

38. The preceding paragraphs are incorporated by reference.

39. Defendants were contractually obliged by each DOT to comply with applicable law, including Section 2954.8(a), which required the payment of interest on the escrow accounts of Plaintiffs and Sub-Class members.

40. Plaintiffs and the Sub-Class members did all, or substantially all, of the significant things that their DOT agreements required them to do.

41. Defendants breached their contracts with Plaintiffs and Sub-Class members by failing to pay interest on their escrow accounts.

42. As a result of the breach, Plaintiffs and Sub-Class members have been harmed in the amount of the interest they should have been paid under Section 2954.8(a).

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## DEMAND FOR JURY TRIAL

43. Plaintiffs request a jury trial on all claims so triable.

## FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A. An order certifying the proposed Class, appointing the named Plaintiffs as the representatives of the Class and Sub-Class, and appointing the law firms representing the named Plaintiffs as counsel for the Class and Sub-Class.

B. An award of monetary damages and/or restitution in the amount of all the interest due to Class members under section 2954.8(a).

C. Attorneys' fees, costs, and expenses pursuant to section 1021.5 of the California Code of Civil Procedure and the deed of trust contract.

G.     And such other and further relief as the Court may deem proper.

DATE: October 19, 2018                  HAGENS BERMAN SOBOL SHAPIRO

By: /s/ Thomas E. Loeser
THOMAS E. LOESER (SBN 202724),

LAW OFFICE OF PETER FREDMAN PC

By: /s/ Peter Fredman
PETER FREDMAN (SBN 189097),

Attorneys for Plaintiffs