Thomas E. Loeser (SBN 202724)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
toml@hbsslaw.com

Peter B. Fredman (SBN 189097)
**LAW OFFICE OF PETER FREDMAN PC**
125 University Ave, Suite 102
Berkeley, CA 94710
Tel: (510) 868-2626
peter@peterfredmanlaw.com

*Attorney for Plaintiffs*
*LOWELL and GINA SMITH, for themselves and persons similarly situated*

**MCGUIREWOODS LLP**
David C. Powell (SBN 129781)
Alexander J. Gershen (SBN 291929)
Alicia Baiardo (SBN 254228)
Carolee A. Hoover (SBN 282018)
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Tel: (415) 844-9944
dpowell@mcguiredwoods.com
agershen@mcguirewoods.com
abaiardo@mcquirewoods.com
choover@mcguirewoods.com

*Attorneys for Defendant*
*Flagstar Bank, FSB*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LOWELL and GINA SMITH, husband and wife, and WILLIAM KIVETT, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLAGSTAR BANK, FSB, a federal savings bank, and DOES 1-100, inclusive,<br><br>Defendant. | No. 3:18-CV-05131-WHA<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 29, 2018<br>Time: 11:00 a.m.<br>Place: Courtroom 12<br><br>Complaint Filed: August 22, 2018<br>FAC Filed: October 19, 2018<br><br>Honorable Judge William H. Alsup |

Plaintiffs Lowell and Gina Smith, husband and wife, and William Kivett, for themselves and persons similarly situated ("Plaintiffs") and Defendant Flagstar Bank, FSB ("Flagstar" or

"Defendant") (collectively the "parties"), by and through their counsel of record, having met and conferred, hereby jointly submit the following initial case management conference statement:

**1. Jurisdiction and Service:**

The parties are diverse. The complaint includes class allegations, resulting in CAFA jurisdiction. Neither party contests jurisdiction. No parties remain to be served.

**2. Facts:**

**Plaintiffs' Statement:**

Plaintiffs allege that Flagstar did not pay interest on the funds it collected and held in escrow for property taxes, insurance, and other purposes related to California home mortgages it serviced as required by California law.

The Smiths' home mortgage was originated in October 2004 by a non-bank third party lender. Flagstar last serviced their mortgage in August 2015, when the servicing transferred to another third party. Plaintiffs have no reason to doubt Flagstar's representations below regarding the dates that it serviced their mortgage. The Smiths' escrow impounds are governed by section 3 of their standard Fannie Mae / Freddie Mac form Deed of Trust ("DoT"), which incorporates the escrow requirements of the Real Estate Settlement Procedures Act ("RESPA"), and requires that interest be paid on the funds held in the escrow account when "Applicable Law requires interest to be paid on the Funds."

Mr. Kivett's home mortgage was originated by Flagstar in 2012 and serviced by Flagstar until about April 2015, when he refinanced. The Kivett DoT is a standard FHA California form. Its Uniform Covenants, in paragraph 2, provide for the lender's establishment of an escrow account for the payment of property taxes and insurance premiums and other potential charges related to the property in accordance with the RESPA. The Kivett DoT does not contain the "Applicable Law" language like the Smiths' above.

**Defendant's Statement:** Plaintiff Lowell and Gina Smith's (the "Smiths") home mortgage was originated in 2004 with a non-bank correspondent lender, Wholesale America Mortgage, Inc., and Flagstar, a Federal thrift, almost immediately purchased the loan and serviced the loan from origination to July 15, 2009. After transferring the servicing rights to a

third-party, Flagstar re-acquired the servicing rights to the loan on or around April 19, 2011 to August 6, 2015. Flagstar, as a Federal thrift, was not required to pay interest on the funds it collected and held in escrow for property taxes and insurance pursuant to preemption provided by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-68, and implementing regulations issued under it by the Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2.

Plaintiff William Kivett's ("Kivett") mortgage was originated in 2012 by Flagstar and serviced until 2015. Kivett's Deed of Trust did not require Flagstar to pay interest on the funds it collected and held in escrow for property taxes and insurance.

### 3. Legal Issues:

**Plaintiffs' Statement:**

The Court recently addressed the central preemption issue in a prior, related case, *Smith v. Flagstar Bank, FSB*, *No*. C 18-02350 WHA (Dkt. No. 34)**,** 2018 WL 3995922 (August 21, 2018).

Plaintiffs allege that Flagstar was required to comply with California Civil Code § 2954.8(a) ("section 2954.8"), which requires the payment of 2% interest on money held in most residential mortgage escrow accounts, under *Lusnak v. Bank of America*, 883 F.3d 1185 (9th Cir. 2018) and the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank"). Plaintiffs plead claims under California's Unfair Competition Law ("UCL"). The Smiths also plead breach of contract, based on their Deed of Trust ("DoT"), which contractually requires payment of interest on escrow funds where required by applicable law.

**Defendant's Statement:** Flagstar contends that the Smiths' claims, which are based entirely on the contention that Flagstar, a federal thrift, violated Section 2954.8 when Flagstar serviced the loan, are barred by HOLA and regulations issued by the OTS. Flagstar also contents the Kivett's Deed of Trust does not contractually require the payment of interest on escrow funds.

### 4. Motions:

Pursuant to an extension agreement, Flagstar is filing a motion to dismiss on preemption

grounds on November 30, 2018 with a hearing to be set for after January 7, 2019.

**5. Amendment of Pleadings:**

**Plaintiffs' Statement:** Plaintiffs do not anticipate adding any claims. Plaintiffs anticipate seeking leave to amend to add plaintiff representatives in addition to the Smiths and Mr. Kivett, and request that the Court not set a hard deadline to add or substitute class representatives as necessary. Plaintiffs also request leave to amend their complaint if it is dismissed on grounds where amendment may cure the deficiency.

**Defendant's Statement:** No anticipated added claims or defenses.

**6. Evidence Preservation:**

The parties confirm they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, and have taken the necessary, affirmative steps to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**7. Disclosures:**

The parties have not exchanged Rule 26 disclosures because Flagstar requests that the disclosures be delayed until after the hearing on their motion to dismiss. The parties agreed to delay the exchange of Rule 26 disclosures and documents until after this case management conference in order to allow Flagstar to present its request. Having met and conferred, the parties do not anticipate any compliance issues.

**8. Discovery:**

No discovery has been taken to date. Flagstar will prepare and circulate a proposed stipulated protective order based on the Northern District model for standard litigation. Plaintiffs are not seeking a protective order, but are amenable to one in order to facilitate discovery. The parties anticipate and agree that pre-class-certification discovery will be generally limited to that necessary for class certification. The parties do not believe a formal discovery bifurcation order

4
JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT; 3:18-CV-05131-WHA

is necessary at this time.

**9. Class Actions:**

**Joint Statement:** All attorneys of record for both parties have reviewed the (1) Notice And Order Re Putative Class Actions And Factors To Be Evaluated For Any Proposed Class Settlement (9/20/2018 WHA) and (2) Procedural Guidance for Class Action Settlements (11/1/2018). With reference to the former, the parties do not believe a protocol regarding interviewing absent putative class members is necessary because neither party believes that such interviews are necessary or likely to lead to the discovery of admissible evidence in this case.

**Plaintiffs' Statement:** Plaintiffs anticipate seeking certification pursuant to Rules 23(a), (b)(2) and (b)(3). Given the centrality of the common legal issues, the only significant obstacles that Plaintiffs foresee to bringing the motion are obtaining sufficient data discovery regarding the existence of a numerous and ascertainable class and its damages. Obtaining this data, however, could be a lengthy process, and may require the use of experts depending on how it is maintained by the Defendant. As Flagstar is likely to raise typicality and adequacy issues pertaining to the representative Plaintiffs, bilateral discovery regarding their individual transaction is also likely required prior to their depositions.

Plaintiffs prefer to delay a scheduling order on the motion for class certification pending an initial three month discovery period in order to assess the pace of discovery. Plaintiffs' concern is that setting a deadline for moving for class certification too soon will force Plaintiffs to take an aggressive discovery posture that will result in bringing more discovery disputes for judicial resolution.

**Defendant's Statement:** Flagstar intends to oppose any motion to certify a class on commonality, typicality, and adequacy issues.

Flagstar also prefers to delay a scheduling order on Plaintiffs' proposed motion for class certification pending an initial discovery period of six months in order to assess the pace of discovery.

**10. Related Cases:**

On September 11, 2018, the Court related this case to a predecessor case involving the

same parties and issues, *Smith v. Flagstar Bank, FSB*, *No.* C 18-02350 WHA. The Court dismissed that predecessor case because the Smiths had not provided Flagstar with contractual notice and the opportunity to cure prior to that filing. *See id.* at Dkt. 34-35.

Certain cases now pending before Judge Edward M. Chen involve similar section 2954.8 issues: *McShannock v. JPMorgan Chase Bank, N.A.*, 18-cv-01873-EMC and *Chandler v. JPMorgan Chase Bank, N.A.*, 18-cv-02735-EMC. However, Judge Chen determined that those cases were not related.

**11. Relief:**

**Plaintiffs' Statement:** Plaintiffs seek monetary damages and/or restitution equal to the amount of interest that Flagstar should have paid class members under section 2954.8, interest thereon, and attorney fees and costs. The amounts will be determined through discovery.

**Defendant's Statement:** N/A

**12. Settlement and ADR:**

There have been no settlement discussions to date. The parties stipulated to private mediation after the motion for class certification is determined, if not sooner.

**13. Consent to Magistrate Judge For All Purposes:**

Neither party is amenable to proceeding before a magistrate in this case.

**14. Other References:**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The parties have no specific proposals to narrow the issues at this time. It seems likely, however, that cross-motions for summary judgment following the decision on class certification will serve this goal.

**16. Expedited Trial Procedure:**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling:**

**Plaintiffs' Statement:** As noted, Plaintiffs prefers to delay a scheduling order regarding the motion for class certification pending an initial three month discovery period in order to assess the pace of discovery, which is likely to involve substantial technical data and analysis.

**Defendant's Statement:** Flagstar also prefers to delay a scheduling order on Plaintiffs' proposed motion for class certification pending an initial discovery period of six months in order to assess the pace of discovery.

**18. Trial:**

**Plaintiffs' Statement:** It seems likely that there may not be any disputed issues of fact, with the possible exception of damages calculations. Plaintiffs reserve their right to a jury trial on the contract claims, but anticipate a bench trial of less than 4 days.

**Defendant's Statement:** Flagstar anticipates a bench trial of 3-5 days.

**19. Disclosure of Non-party Interested Entities or Persons:**

**Plaintiffs' Statement:** Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs restate that, within the meaning of the rule, they are the only persons or entity on their side to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendant's Statement:** Flagstar filed the "Disclosure of Non-Party Interested Entities or Person" required by Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Specifically, Flagstar stated that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Flagstar Bancorp Inc. has a financial interest in Defendant Flagstar Bank, FSB within the meaning of Civil Local Rule 3-15.

2. MP Thrift Investments L.P. has a financial interest in Defendant Flagstar Bank,

FSB within the meaning of Civil Local Rule 3-15.

**20. Professional Conduct:**

The attorneys of record for the parties confirm they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such other matters as may facilitate just, speedy and inexpensive disposition:**

The parties have no matters to raise at this time.

**22. Plan to provide opportunities to young lawyers:**

**Plaintiffs' Statement:** Hagens Berman asks to be excused from this requirement. It has roughly 75 lawyers nationwide, but it ordinarily does not staff a case with more than one lawyer until after a case has proceeded past Rule 12 motions and the complexity of the case requires it. Moreover, since this case is being litigated with co-counsel, it is unlikely that any Hagens Berman lawyer other than Mr. Loeser will work on this case until the class certification and Rule 56 stage. At that time, however, should additional resources be required, Hagens Berman will assign at least one associate level lawyer to work on the case, and in order to provide him or her with the opportunity to make court appearances, argue motions in court, take depositions, or examine witnesses at trial.

**Defendant's Statement:** McGuireWoods intends to provide opportunities to junior lawyers in the defense of this matter. Alexander J. Gershen, who has appeared in this matter, is a junior lawyer under this rule and will have opportunity to make court appearances, argue motions in court, take depositions, or examine witnesses at trial.

Dated: November 21, 2018                    **MCGUIREWOODS LLP**


                                            By: */s/David C. Powell*
                                            David C. Powell
                                            Attorney for Defendant Flagstar Bank, FSB

| | |
|---|---|
| November 21, 2018 | **HAGENS BERMAN SOBOL SHAPIRO LLP; LAW OFFICE OF PETER FREDMAN PC** |
| | By: */s/ Thomas Loeser* <br> Thomas Loeser <br> Attorney for Plaintiffs LOWELL and GINA SMITH, WILLIAM KIVETT and the Putative Class |

# ATTESTATION

In compliance with CAND ECF Policies and Procedures regarding Stipulations and Other Documents Requiring Multiple Signatures, I hereby attest that I have obtained the concurrence in the filing of this document from all signatories.

**MCGUIREWOODS LLP**

By: */s/David C. Powell*
David C. Powell
Attorney for Defendant Flagstar Bank, FSB