

T 206.623.7292   F 206.623.0594

Thomas E. Loeser
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9337**
**toml@hbsslaw.com**

March 19, 2019

Judge William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Lowell and Gina Smith, et al. v. Flagstar Bank, FSB*
           Case No. 3:18-cv-05313-WHA (DRM)

Dear Judge Alsup:

    Plaintiffs submit this request for discovery relief pursuant to paragraph 34 of the Court's Supplemental Standing Order (Rev. 4/23/18). Plaintiffs served the discovery at issue on December 14, 2018. Defendant Flagstar Bank, FSB ("Flagstar") responded on January 28, 2019. This dispute letter pertains to interrogatory numbers one and two attached hereto.

    The parties met and conferred extensively by telephone regarding, *inter alia,* the issues presented in this letter on February 11, 2018, March 13, 2018, and March 14, 2018. The parties have also met and conferred extensively by email regarding the same issues. Plaintiffs diligently sought to avoid Court involvement by offering compromises on the information sought and the timelines for production, but these overtures have been met with only possible future performance of discovery obligations and no set time for that to occur.

    This putative class action addresses Flagstar's failure to pay interest on escrow funds it held in connection with California residential mortgage accounts as required by section 2954.8(a) of the California Civil Code ("section 2954.8"). Plaintiffs' motion for class certification is due June 6, 2019. Flagstar admits that it began compliance with section 2954.8(a) on January 1, 2017 and only with respect to mortgage loans it was subservicing on behalf of third-party Master Servicing Rights owners ("Third-Party MSR" loans).

Judge William Alsup
March 19, 2019
Page 2

Flagstar argues that section 2954.8 is preempted by the Home Owners Loan Act ("HOLA") despite the changes effected by Dodd-Frank. This Court has ruled, however, that Flagstar's preemption defense fails with respect to mortgages that (like plaintiff Kivett's) originated after July 21, 2010. *See* ECF 37 at p. 6. The extent to which HOLA may preempt section 2954.8 with respect to loans originated on or before that date should be determined in connection with Flagstar's pending motion to dismiss the Smith plaintiffs' claims.

The discovery at issue is basic class data. Specifically, as modified through the meet and confer process, Plaintiffs seek the following data for each Subject Loan[1] that Flagstar has serviced since 2014:

- The dates that Flagstar serviced (or subserviced) the loan, including whether it is currently servicing the loan;

- the monthly running escrow balance of the loan;

- the date of origination and originator of the loan; and

- whether the loan is a Third Party MSR loan.[2]

To date, Flagstar has not produced any data, and has not agreed to produce any data other than the aggregate number of Subject Loans it has serviced since 2014. Although Flagstar's counsel recently began indicating that it would "likely" *eventually* agree to comply with the discovery requests, it still refuses to say when it would be in a position to make such agreement, or not, or when the data would actually be produced if it so agrees. Although it has previously made several substantive objections, Flagstar's current position appears to be that it is "still in the process of confirming feasibility." Plaintiffs noticed the deposition of a Flagstar designee to testify regarding its records and recordkeeping on this subject, but Flagstar notified Plaintiffs that it would not appear and has so far refused to agree to produce a deponent.

---

[1] "Subject Loan" means a loan secured by a one to four-unit property in California where Flagstar collected money in advance from borrowers for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property.

[2] Plaintiffs originally sought the amount of interest, if any, paid on escrow on each loan, but agree that identification of Third Party MSR loans would be sufficient for current purposes.

Judge William Alsup
March 19, 2019
Page 3

      Flagstar possesses and should be able to produce the requested data. Servicers' management of mortgage escrow accounts is tightly regulated by the Real Estate Settlement Procedures Act ("RESPA"). 12 CFR § 1024.17. Like every major mortgage servicer, Flagstar maintains each borrower's monthly running escrow balance in its servicing "system of record," as illustrated on Exhibit A hereto. From the system of record, Flagstar populates the monthly running escrow balance data onto each mortgage statement, as illustrated on Exhibit B hereto. Flagstar also populates the same data as the Actual Escrow Running Balance onto the Account History section of the Annual Escrow Account Disclosure Statement that it provides to each borrower annually, as illustrated on Exhibit C.

      It is now more than three months since Plaintiffs first served this discovery. Given the timelines involved, the impending class certification filing deadline, and the potential need for follow up discovery, Plaintiffs have no choice but to seek relief from the Court at this time. Plaintiffs request that the Court Order Flagstar to promptly produce the data sought, or to show cause why it cannot, and Order Flagstar to pay Plaintiffs' fees and costs associated with this motion, pursuant to Fed. R. Civ. P Rule 37(a)(5).

      Sincerely,

      HAGENS BERMAN SOBOL SHAPIRO LLP

      Thomas E. Loeser
      Counsel for Plaintiffs

TL:js

Enclosures

cc:    Peter Fredman, Counsel for Plaintiffs
       David Powell, Counsel for Defendant
       Alexander Gershen, Counsel for Defendant
       Carolee Hoover, Counsel for Defendant
       Alicia Baiardo, Counsel for Defendant

**MCGUIREWOODS LLP**
David C. Powell (SBN 129781)
dpowell@mcguirewoods.com
Carolee A. Hoover (SBN 282018)
choover@mcguirewoods.com
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Alexander J. Gershen (SBN 291929)
agershen@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
Flagstar Bank, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL and GINA SMITH, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLAGSTAR BANK, FSB, a federal savings bank, and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 3:18-cv-05131-WHA<br><br>**DEFENDANT FLAGSTAR BANK, FSB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Honorable Judge William H. Alsup |

**PROPOUNDING PARTY:** Plaintiffs Lowell and Gina Smith, William Kivett

**RESPONDING PARTY:** Defendant Flagstar Bank, FSB

**SET NUMBER:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Flagstar Bank, FSB ("Flagstar") provide the following objections and responses to Plaintiffs Lowell Smith, Gina Smith, and William Kivett's (collectively, "Plaintiffs") First Set of Interrogatories (the "Requests").

Flagstar's responses to the Requests (the "Responses"), as set forth below, are not intended to, and do not, constitute admissions as to the relevance or admissibility of the information disclosed. Any information or documents provided by Flagstar in connection with these Responses are subject to all objections as to competence, relevance, materiality, and admissibility, as well as to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and Flagstar expressly reserves all such objections and grounds. Flagstar objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or other applicable law. Flagstar does not, and will not, provide herein any information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privilege or prohibition, or any other applicable privilege or immunity.

Flagstar makes these Responses based upon the information reasonably available to it at this time, recognizing that its investigation continues. Flagstar anticipates that it will obtain additional facts and identify additional witnesses and documents relevant to the factual disputes in this action through its continuing pre-trial research, investigation, and analysis, and through discovery of Plaintiffs, and third persons who have knowledge of facts relevant to the claims and defenses in this case. Accordingly, Flagstar expressly reserves its right: (a) to make subsequent revision, supplementation, or amendment to these Responses based upon any information, evidence, documents, facts, and things which hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pre-trial proceedings held herein.

///

///

## OBJECTIONS TO DEFINITIONS

1.      Flagstar objects to Plaintiffs' "Definitions" set forth in the Requests to the extent they seek to impose duties beyond those provided for in the Federal Rules of Civil Procedure and this Court's Local Rules (collectively, the "Applicable Rules").  Flagstar will respond to the Requests in accordance with the Applicable Rules and not any additional duties that Plaintiffs seek to impose through their "Definitions."

2.      Flagstar objects to Plaintiffs' definition of "Subject Loan" as it greatly exceeds the scope of their allegations as set forth in the First Amended Complaint ("FAC").  Specifically, Plaintiffs' claims, as alleged in their FAC, relate to specific California mortgage loans serviced by Flagstar where it collected taxes and assessments on the property in an escrow account but did not pay interest to the borrower on the amounts held in the account.  However, Plaintiffs' Requests seek information for every loan serviced by Flagstar, irrespective of whether Flagstar paid interest to the borrower on the amounts held in their escrow account.  Thus, the Requests therefore seek irrelevant information not subject to discovery rendering the Requests overly broad and unduly burdensome.

3.      Flagstar objects to Plaintiffs' definition of "Employee" as the definition is overly broad because they seek to include non-parties, including unidentified "agents," "attorneys," "independent contractors," "advisors," "consultants of such other person or persons".  Further, Flagstar objects to these definitions to the extent they seek attorney-client privileged information or information protected by the attorney work product doctrine by including "attorneys" in the definitions.  In responding to these Requests, Flagstar will interpret the term "Employee" to include any person who was employed by Flagstar to act on behalf of Flagstar.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.**

Identify each Subject Loan that Flagstar serviced at any time during January 1, 2014 to the present.

**RESPONSE**: Flagstar objects to this Request on the grounds that it is vague, overbroad, and, therefore, unduly burdensome. Flagstar objects to this Request on the grounds that it seeks information that is outside the scope of permissible discovery as set forth in Rule 26(b)(1) because

the Request is not relevant to Plaintiffs' claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. For example, Plaintiffs' claims, as alleged in their FAC, relate to specific California mortgage loans serviced by Flagstar where it collected taxes and assessments on the property in an escrow account but did not pay interest to the borrower on the amounts held in the account. Plaintiffs' definition of "Subject Loan" greatly exceeds the scope of their allegations, as they seek information for every loan serviced by Flagstar, irrespective of whether Flagstar paid interest to the borrower on the amounts held in their escrow account. The Request therefore seeks irrelevant information not subject to discovery and is overly broad and unduly burdensome. Further, the allegations in this case relate only to the treatment of loans in the four years preceding the filing of the Complaint on April 19, 2018, but this Request seeks information dating back to January 1, 2014, relating to loans that are not at issue in this action. Further, Flagstar objects to this Request to the extent it seeks information related to loans originated and/or serviced prior to July 21, 2011, the effective date of the Dodd-Frank Act, as Flagstar, a federal thrift, was entitled to broad and "explicit full field preemption" under the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-68, and an implementing regulation issued under it by the Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2. Thus, information related to loans originated and/or serviced prior to July 21, 2011 are irrelevant to Plaintiffs' claims and is overbroad as to scope. Further, considering the importance of the issues at stake in the action and that individual discovery related to any specific mortgage loans will play no role into whether Plaintiffs can establish their claims, individual loan data is irrelevant, unduly burdensome, and the burden and expense outweighs any benefit obtained from the proposed discovery. Flagstar further objects to this Request on the grounds that it seeks confidential, business proprietary information, personal records, or other non-public protected information of Flagstar and/or of third parties, including customers of Flagstar, and, thus creates confidentiality concerns under federal and state statutes, including Article I, § 1 of the California Constitution and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801-6809 and the regulations

1  promulgated thereunder, 16 C.F.R. Part 313.

2        Notwithstanding the foregoing objections, Flagstar responds as follows: Flagstar will
3  conduct a reasonable search and, upon the entry of a stipulated protective order and confidentiality
4  agreement, will agree to produce responsive information, to the extent it exists and is discoverable,
5  regarding the total number of loans secured by a one to four unit property in California, serviced by
6  Flagstar from April 19, 2014 to present, which were originated and/or serviced after July 21, 2011,
7  where Flagstar did not pay interest to the borrower on the amounts held in escrow accounts for taxes
8  and assessments.  Flagstar reserves the right to modify or supplement any and all of their objections
9  and responses to the Requests as additional information or documents are obtained or become
10 available or known to Flagstar.

**Interrogatory No. 2.**

      For each Subject Loan identified in response to Interrogatory No. 1 above, including without limitation Plaintiffs' loans, provide the following information:

    a. The loan number,
    b. The primary borrower's name, address, and phone number;
    c. The dates that Flagstar serviced the Subject Loan;
    d. Whether Flagstar currently services the Subject Loan;
    e. The monthly balance in the borrower's Escrow Account for each month since January 2014;
    f. The amount of any interest on the Escrow Funds that Flagstar paid or credited to the borrower's Escrow Account since January 2014;
    g. The date that the Subject Loan originated;
    h. The name of the lender identified on the originating promissory note and deed of trust;
    i. Each beneficial owner of the Subject Loan since January 2014; and
    j. Flagstar's interest in the Subject Loan, including any changes in that interest, since January 2014.

**RESPONSE**: Flagstar refers Plaintiffs to its objections and response to Interrogatory No. 1 and incorporates by reference its objections and response to Interrogatory No. 1 as if set forth in full herein. In addition to Flagstar's objections and response to Interrogatory No. 1, Flagstar objects to this Requests as compound.  Further, Flagstar maintains that the Request seeks information that is

either irrelevant to Plaintiffs' claims, unnecessary, duplicative, or unduly burdensome. Specifically, the identity of each loan number (subsection (a)) is not relevant to Plaintiffs claims and would require the disclosure of confidential, nonpublic information of Flagstar's customers. Further, subsection (d), which requests whether Flagstar currently services each loan is duplicative with subsection (c), which seeks the same information. Moreover, California Civil Code section 2954.8(a) expressly requires "simple interest *per annum*" and states that the interest shall be credited to borrower's account "*annually* or upon termination of such account, whichever is earlier." Therefore, the Request and subsection (e), which seeks *monthly* loan information, is overbroad, unduly burdensome and seeks to impose duties beyond those provided for in the Applicable Rules or governing law subject to Plaintiffs' FAC. Finally, subsections (i) and (j), which seeks the identity of each beneficial owner and Flagstar's specific interest in each loan is not relevant to Plaintiffs' claims as their claims relate to the *servicing* of the Subject Loans. Further, Flagstar objects to this Request to the extent it seeks information related to loans originated and/or serviced prior to July 21, 2011, the effective date of the Dodd-Frank Act, as Flagstar, a federal thrift, was entitled to broad and "explicit full field preemption" under the HOLA, 12 U.S.C. §§ 1461-68, and an implementing regulation issued under it by the OTS, 12 C.F.R. § 560.2. Thus, information related to loans originated and/or serviced prior to July 21, 2011 are irrelevant to Plaintiffs' claims and is overbroad as to scope. To the extent Plaintiffs' seek information related to third parties, Flagstar objects as the information is not within its possession, custody, or control.

Notwithstanding the foregoing objections, Flagstar responds as follows: Flagstar will conduct a reasonable search and, upon the entry of a stipulated protective order and confidentiality agreement, will agree to produce responsive information, to the extent it exists and is discoverable, regarding the total number of loans secured by a one to four unit property in California, serviced by Flagstar from April 19, 2014 to present, which were originated and/or serviced after July 21, 2011, where Flagstar did not pay interest to the borrower on the amounts held in escrow accounts for taxes and assessments. Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

**Interrogatory No. 3.**

Describe the source and location of the data that form the basis for Flagstar's responses to Interrogatory Nos. 1-2 above, and identify the persons most knowledgeable regarding the same.

**RESPONSE**: Flagstar refers Plaintiffs to its objections and responses to Interrogatories No. 1 and 2 and incorporates by reference its objections and response to those interrogatories as if set forth in full herein.  Flagstar also objects to this Request as it is compound.  Flagstar also objects to this Request as "source" "location" and "data" are undefined and render this Interrogatory vague and ambiguous. Flagstar further objects to this Request on the grounds that it seeks production of confidential, business proprietary, trade secrets, or other non-public protected information of Flagstar.  Flagstar objects to this Request to the extent it requests information or material that is protected by the attorney work-product doctrine or attorney-client privilege.

Notwithstanding the foregoing objections, Flagstar responds as follows: Flagstar will conduct a reasonable search and, upon the entry of a stipulated protective order and confidentiality agreement, will agree to identify the sources of the data requested by Plaintiffs in response to Interrogatives Nos. 1-2 above.  Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

**Interrogatory No. 4**.

Describe the analysis of the data that forms the basis for Flagstar's responses to Interrogatory Nos. 1-2 above, and identify the persons most knowledgeable regarding the same.

**RESPONSE**: Flagstar refers Plaintiffs to its objections and responses to Interrogatories No. 1 and 2 and incorporates by reference its objections and response to those interrogatories as if set forth in full herein.  Flagstar also objects to this Request as it is compound.  Flagstar also objects to this Request as "analysis" and "data" are undefined and render this Interrogatory vague and ambiguous. Flagstar further objects to this Request on the grounds that it seeks confidential, business proprietary information, personal records, or other non-public protected information of Flagstar and/or of third parties, including customers of Flagstar, and, thus creates confidentiality concerns under federal and state statutes, including Article I, § 1 of the California Constitution and the Gramm-Leach-Bliley

Act, 15 U.S.C. § 6801-6809 and the regulations promulgated thereunder, 16 C.F.R. Part 313. Flagstar objects to this Request to the extent it requests information or material that is protected by the attorney work-product doctrine or attorney-client privilege.  Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

**Interrogatory No. 5**.

Describe Flagstar's current policy and practice regarding paying interest on Escrow Funds related to Subject Loans.

**RESPONSE**:  Flagstar also objects to this Request as "practice" is undefined and renders this Interrogatory vague and ambiguous.  Flagstar further objects to this Request on the grounds that it seeks confidential, business proprietary information, personal records, or other non-public protected information of Flagstar and/or of third parties, including customers of Flagstar, and, thus creates confidentiality concerns under federal and state statutes, including Article I, § 1 of the California Constitution and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801-6809 and the regulations promulgated thereunder, 16 C.F.R. Part 313.  Flagstar further objects to this Request to the extent it requests information or material that is protected by the attorney work-product doctrine or attorney-client privilege.  Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

Notwithstanding the foregoing objections, Flagstar responds as follows:  Flagstar credits interest on Escrow Funds to borrowers where Flagstar is subservicing the Subject Loan.  Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

**Interrogatory No. 6**.

Describe Flagstar's past policies and practices since January 2014 regarding paying interest on Escrow Funds related to Subject Loans, including any changes in those policies and practices.

**RESPONSE**:  Flagstar also objects to this Request as "practices" is undefined and renders this

Interrogatory vague and ambiguous. Flagstar objects to this Request as it is overly broad, since the allegations in this case relate only to the treatment of loans in the four years preceding the filing of the Complaint on April 19, 2018, but this Request seeks information dating back to January 1, 2014, relating to loans that are not at issue in this action.  Flagstar further objects to this Request on the grounds that it seeks confidential, business proprietary information, personal records, or other non-public protected information of Flagstar and/or of third parties, including customers of Flagstar, and thus creates confidentiality concerns under federal and state statutes, including Article I, § 1 of the California Constitution and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801-6809 and the regulations promulgated thereunder, 16 C.F.R. Part 313.  Flagstar further objects to this Request to the extent it requests information or material that is protected by the attorney work-product doctrine or attorney-client privilege.

Notwithstanding the foregoing objections, Flagstar responds as follows: Beginning in January 2017, Flagstar commenced crediting interest on Escrow Funds to borrowers where Flagstar is subservicing the Subject Loan. . Flagstar reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or known to Flagstar.

Date:  January 28, 2019                          Respectfully submitted,


                                                 MCGUIREWOODS LLP


                                                 By:_____
                                                    David C. Powell
                                                    Attorney for Flagstar Bank, FSB

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Two Embarcadero Center, Suite 1300, San Francisco, CA 94111.

On January 28, 2019, I served the following document(s) described as

**DEFENDANT FLAGSTAR BANK, FSB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

| | |
|---|---|
| Thomas E. Loeser<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Tel: (206) 623-7292<br>Email: toml@hbsslaw.com | Attorneys for Plaintiff Lowell and Gina Smith |
| Peter B. Fredman<br>Law Office of Peter Fredman<br>125 University Ave., Suite 102<br>Berkeley, CA 94710<br>Tel: 510-868-2626<br>Email: peter@peterfredmanlaw.com | |

☒ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2019, at San Francisco, CA.

_____
Josh Tabisaura

-9-
DEFENDANT FLAGSTAR BANK, FSB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, CASE NO. 3:18-cv-05131-WHA

## VERIFICATION

I am authorized to make this verification for and on behalf of Flagstar Bank, FSB. I have read the foregoing document entitled DEFENDANT FLAGSTAR BANK, FSB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES and know its contents. I am informed and believe and on that ground state that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct.

Executed on __1/28__, 2019 in _____.

Signature: _Paul Polen_

Name: _Paul Poles_

Title: _VP - Assoc. GC_