Thomas E. Loeser (SBN 202724)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
toml@hbsslaw.com

Peter B. Fredman (SBN 189097)
**LAW OFFICE OF PETER FREDMAN PC**
2550 Ninth Street. Suite 111 (South Hall)
Berkeley, CA 94710
Tel: (510) 868-2626
peter@peterfredmanlaw.com

*Attorneys for Plaintiffs WILLIAM KIVETT and
BERNARD and LISA BRAVO, on behalf of themselves
and the certified Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM KIVETT and BERNARD and LISA BRAVO, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLAGSTAR BANK, FSB, a federal savings bank, and DOES 1-100, inclusive,<br><br>Defendant. | No.  3:18-CV-05131-WHA (DMR)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FLAGSTAR BANK, FSB'S MOTION FOR SUMMARY JUDGMENT**<br><br><u>CLASS ACTION</u><br><br>Hearing Date:   TBD[1]<br>Time:              8:00 a.m.<br>Courtroom:      12, 19th Floor<br><br>Complaint Filed: August 22, 2018<br>FAC Filed: October 19, 2018<br><br>Honorable Judge William Alsup |

# [REDACTED VERSION]

---

[1] The hearing was initially scheduled for January 9, 2020, a date the Court was unavailable. The Court's Amended Case Management Order and Order on Plaintiffs' Motion to Enlarge Time and Extend Deadlines does not specify a hearing date for this motion. *See* Dkt. No. 129.

1

**TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION ............................................................................................................1

4

II.   FACTS .............................................................................................................................2

5

A.    Flagstar Offers No Material Facts Indicating That Section 2954.8
Prevents Or Significantly Interferes With Banking.............................................2

6

7

B.    All Bank And Non-Bank Mortgage Servicers Other Than Flagstar
Now Routinely Comply With Section 2954.8......................................................4

8

C.    Flagstar Itself Now Routinely Complies With Section 2954.8 With
Respect To Tens of Thousands of Loans ..............................................................5

9

10

D.    Flagstar Offers No Evidence That *Its* Compliance With Section
2954.8 Significantly Interferes With *Its* Exercise of Banking
Powers ..................................................................................................................6

11

12

E.    Federal Banking Law Expressly Require Compliance With State
Mortgage Escrow Interest Laws ..........................................................................6

13

III.  OBJECTIONS TO PURPORTED FACT EVIDENCE SUBMITTED BY
FLAGSTAR ....................................................................................................................7

14

15

A.    The Flagstar Employee Declarations Should Be Excluded Because
Flagstar Failed To Disclose Them As Witnesses As Required By
Rule 26..................................................................................................................7

16

17

B.    The Flagstar Employee Declarations Should Be Excluded As
Unfounded Opinion Testimony ...........................................................................7

18

IV.   PLAINTIFFS SHOULD BE GRANTED LEAVE UNDER RULE 56(D)
TO OBTAIN THE DISCOVERY THEY WOULD HAVE BUT FOR
FLAGSTAR'S RULE 26 VIOLATION .........................................................................8

19

20

V.    ARGUMENT ...................................................................................................................9

21

VI.   CONCLUSION ................................................................................................................9

22

23

24

25

26

27

28

1

2

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## CASES

*Barnett Bank of Marion Cty., N. A. v. Nelson, Fla. Ins. Comm'r, et al.,*
   517 U.S. 25 (1996) .......................................................................................................... 9

*Lusnak v. Bank of Am., N.A.,*
   883 F.3d 1185 (9th Cir. 2018), *reh'g denied, reh'g, en banc, denied*, 2018 U.S.
   App. LEXIS 12745 (9th Cir. May 16, 2018), *cert. denied*, 139 S. Ct. 567 (2018) ............... *passim*

*McShannock v. JP Morgan Chase Bank N.A.,*
   354 F. Supp. 3d 1063 (N.D. Cal. 2018) ......................................................................... 5

*Medtronic, Inc. v. Lohr,*
   518 U.S. 470 (1996) ...................................................................................................... 9

*Wyeth v. Levine,*
   555 U.S. 555 (2009) ...................................................................................................... 9

## STATUTES

15 U.S.C. § 1639d(f)(2) .................................................................................................... 7

15 U.S.C. § 1639d(g)(3) .................................................................................................... 6

Cal. Civ. Code § 2954.8 ............................................................................................ *passim*

Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203,
   124 Stat. 1376 (2010) ................................................................................................... 2

Federal Truth In Lending Act Amendments ................................................................. 2

Pre-Dodd-Frank Home Owners' Loan Act .................................................................. 5

Real Estate Settlement Procedures Act ....................................................................... 4

State Mortgage Escrow Interest Laws .......................................................................... 6

TILA ................................................................................................................................ 7

## OTHER AUTHORITIES

Fed. R. Civ. P. Rule 26 ............................................................................................... 3, 7

Fed. R. Civ. P. Rule 37(c) ............................................................................................. 7

Fed. R. Evid. Rule 701 .................................................................................................. 8

Fed. R. Evid. Rule 702 ......................................................................................................................... 8

1

## I.    INTRODUCTION

2          Defendant Flagstar Bank, FSB's ("Flagstar's") motion for summary judgment ("MSJ") fails

3   on its face—and Plaintiffs' partial MSJ as to liability succeeds—because this Court is bound by

4   *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185, 1194 (9th Cir. 2018), *reh'g denied, reh'g, en banc,*

5   *denied*, 2018 U.S. App. LEXIS 12745 (9th Cir. May 16, 2018), *cert. denied*, 139 S. Ct. 567 (2018).

6   In *Lusnak*, the Ninth Circuit held that section 2954.8 of the California Civil Code ("section 2954.8")

7   is <u>not</u> preempted by federal banking law because section 2954.8 does <u>not</u> prevent or significantly

8   interfere with the exercise of national banking powers. *See id.* Nevertheless, presumably hoping for a

9   radical reappraisal by the Ninth Circuit or U.S. Supreme Court on appeal, Flagstar itself moves for

10   summary judgment in its favor on preemption grounds here.

11          Flagstar's MSJ is based solely on the declarations of two previously undisclosed witnesses,

12   its employees Sean Mansell and Courtney Chang. Flagstar asserts that these captive declarants

13   present undisputed material facts affirmatively compelling the finding that section 2954.8 is

14   preempted notwithstanding the opposite conclusion of *Lusnak*. These dubious "fact" declarations

15   plainly cannot outweigh the binding legal precedent of *Lusnak*. Flagstar's suggestion that the courts

16   should determine preemption of a particular law under the "significant interference" standard on a

17   bank-by-bank basis is plainly irreconcilable with the principles of Congressional intent that underlie

18   preemption in the first instance. *See Lusnak*, 883 F.3d at 1191.

19          Moreover, Flagstar's peculiar exercise fails, even on its own irrational terms (and putting

20   aside Flagstar's failure to timely disclose these witnesses) because *the content of these declarations*

21   *is not material fact*. It is merely unfounded (and un-disclosed) opinion that would not indicate that

22   section 2954.8 prevents or significantly interferes with national banking as a matter of fact even if it

23   were admissible evidence (which it is not).[2] The real undisputed material facts further demonstrate

24   that section 2954.8 does not significantly interfere with banking, including as follows:

25

26          [2] On December 12, 2019, in response to the fact that Flagstar relied on these previously
undisclosed employee witnesses in support of its MSJ, Plaintiffs filed an administrative motion
27   seeking to extend the briefing schedule and allow Plaintiffs the opportunity to, among other things,
obtain the witnesses' depositions. *See* Dkt. No. 127. On December 18, 2019, the Court, among other
28   things, ordered Flagstar to show cause why the declarations should not be stricken. *See* Dkt. No. 129.

- All other banks and non-bank mortgage servicers now routinely comply with section 2954.8 with respect to post-Dodd-Frank[3] mortgage loans.

- Flagstar itself (without claim or evidence of "significant interference") now routinely complies with section 2954.8 and other state mortgage escrow interest laws with respect to the tens of thousands of loans that Flagstar services on behalf of third-party mortgage servicing rights ("MSR") holders.

- Despite the opportunity to do so with this MSJ, Flagstar presents no evidence in support of its position that *its* aforementioned compliance with section 2954.8 and other the mortgage escrow laws interferes with the exercise of *its* banking powers.

- Dodd-Frank amendments to the federal Truth In Lending Act ("TILA"), which are obviously not subject to federal preemption, expressly require banks to comply with state mortgage escrow interest laws, including section 2954.8, with respect to mortgage escrow accounts created after January 21, 2010, like that of Plaintiffs Bernard and Lisa Bravo (the "Bravos"). *See Lusnak*, 883 F.3d at 1197 (citing 15 U.S.C. § 1639d(g)(3)).

## II.   FACTS

**A.   Flagstar Offers No Material Facts Indicating That Section 2954.8 Prevents Or Significantly Interferes With Banking**

In support of its MSJ, Flagstar offers no material facts indicating that paying interest on escrow ("IOE") in compliance with section 2954.8 prevents or significantly interferes with banking, in general, or with its exercise of banking powers, in particular. The employee declarations it submits simply do not support that conclusion as a matter of fact (or law). *See* Declaration of Sean Mansell In Support of Defendant Flagstar Bank, FSB's Motion For Summary Judgment (Dkt. No. 125-1) ("Mansell Decl."); Declaration of Courtney Chang In Support of Defendant Flagstar Bank, FSB's Motion For Summary Judgment (Dkt. No. 125-2) ("Chang Decl."). Rather, to the extent they actually contain facts, they are limited to uncontroversial and irrelevant facts regarding Flagstar's

---

On December 20, 2019, Flagstar responded to the order. *See* Dkt. No. 132. As of this filing, the Court has not ruled on the response.

[3] "Dodd-Frank" means Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), enacted July 21, 2010.

1 | banking operations (*see* Mansell Decl., ¶¶ 8-9, 12), how escrow accounts work (*e.g., id.*, ¶ 10), and

2 | how escrow accounts may generally reduce the risks associated with non-payment of, for example,

3 | taxes and insurance on mortgaged properties (*e.g., id.*, ¶¶ 14-15).

4 |       Otherwise, the declarations consist of unsubstantiated, irrelevant, and vague conjecture

5 | regarding how escrow accounts *might* relate to Flagstar's underwriting, pricing, or participation in

6 | the secondary mortgage market. *See* Mansell Decl., ¶¶ 16-25; Chang Decl., ¶¶ 4-9. By way of

7 | example, Ms. Chang opines that "[i]f mortgage servicing rights could not be resold on the market,"

8 | then "Flagstar would be required to vastly reduce the amount of credit available." Chang Decl., ¶ 7.

9 | But she offers no evidence that Flagstar's compliance with section 2954.8 would in fact interfere

10 | with mortgage servicing rights being resold on the market. *See id.* (And that is obviously not the case

11 | given that every other market participant now complies with section 2954.8 (as set forth below) and

12 | that Flagstar itself now complies with section 2954.8 when it services on behalf of third-party MSR

13 | owners (as set forth below).).

14 |       Such conjecture is not admissible evidence. It is not admissible opinion evidence because the

15 | declarations provide no indication that the declarants have any particularized knowledge, much less

16 | expertise, regarding their subject matter about which they opine. *See id.* To the contrary, the

17 | documents plainly appear to have been written by counsel to conform to the litigation objectives of

18 | the MSJ. *See id.* The declarants' only stated bases for their assertions are Flagstar's business records

19 | and their working knowledge of Flagstar's business practices. *See* Mansell Decl., ¶¶ 1-2; Chang

20 | Decl., ¶¶ 1-2. That basis is not *prima facie* sufficient to support any meaningful evidence about

21 | interference in the national banking system. The declarations are irrelevant to the extent they fail to

22 | do so.

23 |       As these witnesses are being offered as having information supporting its affirmative defense

24 | of preemption, Flagstar plainly was obliged to timely disclose them under Rule 26 and related

25 | scheduling and standing orders. *See* Fed. R. Civ. P. Rule 26(a)(1)(A)(i); Case Management Order

26 | and Reference to Magistrate Judge for Mediation/Settlement, Dkt. No. 28, ¶¶ 1, 5; Supplemental

27 | Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William

28 | Alsup ("Suppl. Order"), ¶¶ 15, 31; Fed. R. Civ. P. Rule 26(a)(2)(A). If Flagstar had timely disclosed

these witnesses, then Plaintiffs would have deposed them. Plaintiffs should be allowed to do so now, not just as a matter of discovery, but also to probe the underlying propriety of their submissions as evidence to this Court. Flagstar denied Plaintiffs that opportunity, however, by failing disclose these witnesses prior to filing its MSJ. *See* Declaration of Peter Fredman In Support of Plaintiffs' Opposition to Motion For Summary Judgment ("Fredman Decl."), ¶ 6.[4]

**B.      All Bank And Non-Bank Mortgage Servicers Other Than Flagstar Now Routinely Comply With Section 2954.8**

If Flagstar had disclosed these witnesses, then Plaintiffs would also have retained an expert to present evidence that all banks and non-bank mortgage servicers (except Flagstar with respect to its own MSR portfolio) now routinely comply with section 2954.8 with respect to all loans originated after the Dodd-Frank enactment date of July 21, 2010. *See* Fredman Decl., ¶ 7. Under the circumstances, Plaintiffs rely on their counsel's declaration. *See id.* Nevertheless, Plaintiffs' factual assertion is compelling, as follows:

- **Bank of America** (the *Lusnak* defendant) voluntarily began complying with section 2954.8 in 2019 in response to the Ninth Circuit ruling in *Lusnak*.  *See Lusnak*, Case No. 2:14-cv-01855-GW-GJS, Dkt. No. 112-1 (12/27/2019), Class Action Settlement Agreement And Release, Recitals, ¶ 5. It also agreed to pay $35 million to settle its past section 2954.8 liabilities. *See id.*, ¶ 3.2.

- **Wells Fargo** has routinely complied with section 2954.8 for quite some time. Indeed, the *Lusnak* plaintiffs offered this fact as evidence refuting "significant interference" in that case since at least 2014. Wells Fargo's website currently states: "We pay interest on escrow in certain states. We do this in accordance with the Real Estate Settlement Procedures Act (RESPA) and applicable state laws."[5] The First Amended Complaint filed in *Lusnak* in June 2014 reports that the Wells Fargo's website included the same content at that time.

---

[4] Flagstar served supplemental disclosures identifying these witnesses on December 16, 2019.

[5] Escrow Accounts – FAQs, WELLS FARGO, wellsfargo.com/mortgage/manage-account/escrow/faqs/ (last visited 12/29/2019).

- **Citimortgage**, on June 18, 2019, entered into a stipulation with the California Commissioner of Business Oversight confirming that it has complied with section 2954.8 since January 1, 2019 and further agreeing to pay restitution of $7.8 million to its California customers for its past section 2954.8 liabilities since July 1, 2014.[6]

- **JPMorgan Chase Bank ("Chase")** routinely complies with section 2954.8, except with respect to the loans involved in *McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp. 3d 1063, 1067 (N.D. Cal. 2018), according to representations to the *McShannock* court by Chase's counsel in that case (who are also Flagstar's counsel here). Specifically, they represent that *McShannock* involves a distinct set of loans originated by the former Washington Mutual, FSB ("WaMu") before Chase acquired WaMu's assets when WaMu failed in 2008.[7] Based on non-WaMu legacy Chase mortgage statements personally reviewed by Plaintiffs' counsel, it appears that Chase has generally complied with section 2954.8 for some time with respect to its other loan portfolios.

- **Non-bank mortgage servicers**, of which there are many (including, for example, Nationstar Mortgage (now d/b/a Mr. Cooper), Fay Servicing, and Quicken), would have no basis to assert federal preemption regardless of how they acquired the servicing of the loan. Based on Plaintiffs counsel's investigations, they all appear to comply with section 2954.8.

*See* Fredman Decl., ¶ 8.

### C.   Flagstar Itself Now Routinely Complies With Section 2954.8 With Respect To Tens of Thousands of Loans

Flagstar itself now routinely complies with section 2954.8 with respect to tens of thousands of subject loans that it sub-services on behalf of third-party MSR owners. *See* Fredman Decl.,

---

[6] Stipulation, CRMLA License No: 4131200, Dep't of Business Oversight of the State of California (June 2019), dbo.ca.gov/wp-content/uploads/sites/296/2019/06/CitiMortgage-Stipulation.pdf.

[7] Thus, the question presented in *McShannock*, now on interlocutory appeal, is whether Chase, as a national bank, was and is currently entitled to rely on pre-Dodd-Frank Home Owners' Loan Act ("HOLA") field preemption with respect to loans it acquired from a federal thrift in 2008. That question, and whether Chase is ultimately required to pay IOE on these pre-Dodd-Frank loans, is obviously of no significance to the post-Dodd-Frank loans at issue in this case.

1   Exhibit A, FRCP Rule 30(b)(6) Deposition of Flagstar Bank through Stephanie Ryan ("Ryan Dep."),

2   44:25-48:8.  According to Flagstar's retained expert in this matter, for example, Flagstar paid "total

3   IOE of ▮▮▮▮▮▮ for ▮▮▮▮▮ loans that satisfy the date criteria of Plaintiff's class definition."

4   *Id.,* Exhibit B, Defendant Flagstar Bank, FSB's Disclosure of Opposition Expert Report

5   ("Skanderson Report"), ¶¶ 18-19. As he explained, these payments reflect the fact "that Flagstar

6   began paying IOE for loans serviced on behalf of third-party MSR owners in a phased

7   implementation from January 2017 through May 2018." *Id.*; *see also* Ryan Dep., 44:25-48:8.

8   **D.   Flagstar Offers No Evidence That *Its* Compliance With Section 2954.8 Significantly
9        Interferes With *Its* Exercise of Banking Powers**

10          Despite the opportunity here, Flagstar offers no evidence (or suggestion even) that *its* current

11   compliance with section 2954.8, as described above, significantly interferes with *its* exercise of

12   banking powers. *See* Mansell Decl.; Chang Decl. Indeed, Flagstar's declarants fail to even mention

13   this fact despite its direct applicability to the subject matter of their declarations. *See id.* Indeed,

14   neither Flagstar's corporate designees, nor its retained expert, have ever suggested that Flagstar

15   actually experienced any type of difficulty or interference resulting from its compliance with section

16   2954.8 with respect to non-owned MSR loans since 2017. *See* Skanderson Report; Fredman Decl., ¶

17   12. To the contrary, Flagstar's corporate designee testified that, as between loans where a third party

18   holds the MSR rights, on the one hand, and loans where Flagstar holds the MSR rights, on the other,

19   there are *no* differences in how Flagstar handles the escrow accounts other than whether or not it

20   pays IOE. *See* Ryan Dep., 48:3-8.

21   **E.   Federal Banking Law Expressly Require Compliance With State Mortgage Escrow
         Interest Laws**

22          Although this case relies on California law, another fact indicating the absence of "significant

23   interference" here is the existence of federal law, to which preemption could not apply, expressly

24   obliging Flagstar to comply with state escrow interest laws like section 2954.8. *See* 15 U.S.C. §

25   1639d(g)(3) ("If prescribed by applicable State or Federal law, each creditor shall pay interest to the

26   consumer on the amount held in any impound, trust, or escrow account that is subject to this section

27   in the manner as prescribed by that applicable State or Federal law."); *Lusnak*, 883 F.3d at 1197.

28

1  This provision of TILA applies broadly to escrow accounts created after January 21, 2013. *See id.* It

2  applies, for example, to the Bravos' escrow account because their loan closed on or about December

3  1, 2017 and Flagstar required them to establish the escrow account as a condition of the loan. *See*

4  Fredman Decl., ¶ 11; Exhibit C, Flagstar022112, ¶ 5; Flagstar022161; 15 U.S.C. § 1639d(f)(2). As

5  the *Lusnak* opinion noted, the fact that Congress in Dodd-Frank added "[t]his language requiring

6  banks to pay interest on escrow account balances '[i]f prescribed by applicable State [] law'

7  expresses Congress's view that such laws would not necessarily prevent or significantly interfere

8  with a national bank's operations." *Lusnak*, 883 F.3d at 1194-1195.

9  **III.    OBJECTIONS TO PURPORTED FACT EVIDENCE SUBMITTED BY FLAGSTAR**

10
11  **A.    The Flagstar Employee Declarations Should Be Excluded Because Flagstar Failed To Disclose Them As Witnesses As Required By Rule 26**

12          The Flagstar employee declarations should be excluded because Flagstar failed to disclose the

13  declarants as witnesses, or to disclose any such witnesses, in any of its Rule 26 disclosures or

14  otherwise prior to filing its MSJ. *See* Fredman Decl., ¶ 4. This non-disclosure violated Rule

15  26(a)(1)(A)(i) (insofar as the declarants offer facts) and Rule 26(a)(2)(A) (insofar as they offer

16  opinion). It also violated the Court's scheduling and standing orders applicable to this case. *See* Dkt.

17  No. 28, ¶ 5; Dkt. No. 73, ¶ 3; Suppl. Order, ¶¶ 15, 31, 35.

18          The Court ordered that "untimely-disclosed materials may not be used…on summary

19  judgment unless the delay in disclosure is 'harmless' or unless 'substantial justification' for the delay

20  is shown." Supp. Order, ¶ 35. Flagstar can offer no such showing here. To the contrary, it claims

21  these declarations are dispositive. Moreover, this is second instance where Flagstar failed to disclose

22  an employee witness before filing that witness's declaration in support of important briefing. *See*

23  Fredman Decl., ¶ 5. Thus, exclusion of these declarations on that basis is entirely appropriate. *See*

24  Fed. R. Civ. P. Rule 37(c).

25  **B.    The Flagstar Employee Declarations Should Be Excluded As Unfounded Opinion Testimony**

26
27          The contents of the declarations also warrant their exclusion from evidence because they do

28  not meet the criteria for either expert or lay-witness *opinion* testimony under Rules 701-703 of the

Federal Rules of Evidence. *See* Mansell Decl.; Chang Decl. To the extent of the (very few) actual facts contained in the declarations, the declarants' statements add nothing of relevance that is not fully accounted for within *Lusnak*. *See* Mansell Decl., ¶¶ 8-12, 14-15. To the extent Flagstar may purport to offer these declarants as expert witnesses, Flagstar fails to establish their qualifications as such, or that their opinions are well founded as such. *See* Fed. R. Evid. Rule 702. Indeed, Flagstar makes no effort to do so.

The fact of the matter is that these declarations consist essentially of lay witness opinion that does not satisfy the legal criteria for admission of such as evidence. *See* Fed. R. Evid. Rule 701. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* Here, in contrast, Mr. Mansell and Ms. Chang express opinions that are <u>not</u> "rationally based on the witness's perception... [or]... helpful to clearly understanding the witness's testimony or to determining a fact in issue," but <u>are</u> ostensibly "based on…technical … or other specialized knowledge within the scope of Rule 702." *Id.* Accordingly, they are not admissible as lay witness opinion either.

## IV.   PLAINTIFFS SHOULD BE GRANTED LEAVE UNDER RULE 56(D) TO OBTAIN THE DISCOVERY THEY WOULD HAVE BUT FOR FLAGSTAR'S RULE 26 VIOLATION

Pursuant to Rule 56(d), the Court should grant Plaintiffs (1) leave to depose the two declarants, (2) leave to retain an expert to present further evidence to the Court that all mortgage servicers in California (with the exception of Flagstar) now comply with section 2954.8 with respect to post-Dodd-Frank loans (as set forth above), and (3) a schedule extension to include this evidence in this MSJ proceeding. In response to Plaintiffs' prior administrative motion for such relief (Dkt. No. 127), the Court previously indicated that it was considering striking these declarations and issued an order to show cause ("OSC") (Dkt. No. 129). On December 20, 2019, Flagstar responded to the OSC, including offering to allow the declarants to be deposed. *See* Dkt. No. 132. The Court has not yet ruled on the OSC.

1    Plaintiffs believe that striking the declarations (for the Rule 26 violations) and excluding their

2    contents from evidence (as discussed above) represent necessary and appropriate, but insufficient

3    remedies under these circumstances. They are insufficient remedies because the materials will exist

4    in the record potentially available for use by Flagstar on appeal whether or not excluded.

5    Accordingly, Plaintiffs should be allowed to depose these witnesses in order to demonstrate the

6    inadequacy of these declarations on the record and also to probe the underlying propriety of their

7    submissions as evidence to this Court.

8                              **V.      ARGUMENT**

9    Flagstar's affirmative defense of preemption fails as a matter of fact and law for the same

10   reason that Plaintiff's partial MSJ as to liability succeeds: because the Ninth Circuit has conclusively

11   determined that section 2954.8 is not preempted because it does not prevent or significantly interfere

12   with the exercise of nation banking powers. *See Lusnak*, 883 F.3d at 1197; *Barnett Bank of Marion*

13   *Cty., N. A. v. Nelson, Fla. Ins. Comm'r, et al.*, 517 U.S. 25 (1996) ("*Barnett Bank*").  Flagstar's

14   proposition that the applicability of preemption to section 2954.8 should be determined on a bank-

15   by-bank basis—that it alone among mortgage servicers should be granted the power to flout this

16   California law—is plainly irreconcilable with the law and principals that that underlie preemption in

17   the first instance. *See Lusnak*, 883 F.3d at 1191; *Wyeth v. Levine*, 555 U.S. 555, 565 (2009);

18   *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). Specifically, Flagstar presents no evidence or law

19   remotely suggesting that Congress intended in enacting Dodd-Frank (or otherwise) for the Court to

20   apply bank-by-bank preemption analysis in this case. That was plainly not the Congressional intent

21   here. *See id.*

22                              **VI.      CONCLUSION**

23   As set forth above, the Court should strike and exclude Flagstar's evidence, grant Plaintiffs

24   leave to obtain discovery and submit the resulting evidence as requested, find as a matter of fact that

25   compliance with section 2954.8 does not interfere with Flagstar's exercise of its banking powers, and

26   deny Flagstar's MSJ on the merits.

27

28

1   DATED:  December 30, 2019

2   Respectfully submitted,

    **HAGENS BERMAN SOBOL SHAPIRO LLP**

3   By  */s/ Thomas E. Loeser*

4         Thomas E. Loeser (SBN 202724)
    1301 Second Avenue, Suite 2000

5   Seattle, WA 98101
    Tel: (206) 623-7292

6   Fax: (206) 623-0594
    toml@hbsslaw.com

7

8   Peter B. Fredman (SBN 189097)
    **LAW OFFICE OF PETER FREDMAN PC**

9   2550 Ninth Street, Suite 111
    Berkeley, CA 94710

10  Tel: (510) 868-2626
    Fax: (510) 868-2627

11  peter@peterfredmanlaw.com

12  *Attorneys for Plaintiffs WILLIAM KIVETT and*
    *BERNARD and LISA BRAVO, on behalf of themselves*

13  *and the certified Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that a true copy of the above document was served upon the attorneys of

3

record for each party through the Court's electronic filing service on December 30, 2019, which will

4

send notification of such filing to the e-mail addresses registered.

5

*/s/ Thomas E. Loeser*

6

Thomas E. Loeser

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28