**MCGUIREWOODS LLP**
David C. Powell (SBN 129781)
dpowell@mcguirewoods.com
Carolee A. Hoover (SBN 282018)
choover@mcguirewoods.com
Alexander J. Gershen (SBN 291929)
agershen@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA  94111-3821
Telephone:  415.844.9944
Facsimile:  415.844.9922

*Attorneys for Defendant*
*Flagstar Bank, FSB*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas E. Loeser (SBN 202724)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
toml@hbsslaw.com

**LAW OFFICE OF PETER FREDMAN PC**
Peter B. Fredman (SBN 189097)
230 Domingo Ave, Suite 227
Berkeley, CA 94705
Tel: (510) 868-2626
peter@peterfredmanlaw.com

*Attorneys for Plaintiffs WILLIAM KIVETT and BERNARD and LISA BRAVO, for themselves and persons similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL and GINA SMITH, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLAGSTAR BANK, FSB, a federal savings bank, and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 3:18-cv-05131-WHA<br><br>**JOINT STIPULATION REQUESTING AN AMENDED ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: August 22, 2018<br>FAC Filed: October 19, 2018<br><br>Honorable Judge William Alsup |

Plaintiffs William Kivett and Bernard and Lisa Bravo (the "Bravos"), on behalf of themselves and the certified Class (collectively, "Plaintiffs"), on the one hand, and Defendant Flagstar Bank, FSB ("Flagstar"), hereby stipulate and request that the Court order as follows:

WHEREAS, Plaintiffs Lowell and Gina Smith, through counsel, filed their Complaint in this action on April 18, 2018;

WHEREAS, Plaintiffs amended their Complaint to add William Kivett as a named Plaintiff on October 19, 2018;

WHEREAS, on August 20, 2019, Plaintiff William Kivett filed a motion to amend complaint to add the Bravos as class representatives, which attached the operative second amended complaint;

WHEREAS, on November 20, 2019, the Court certified a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for customers who had their loans serviced by Flagstar after April 18, 2014 through December 31, 2019;

WHEREAS, on December 5, 2019, the Parties filed cross-motions for summary judgment as to liability;

WHEREAS, on March 4, 2020, the Court denied Flagstar's motion for summary judgment and granted Plaintiff's partial motion for summary judgment as to liability;

WHEREAS, on April 16, 2020, Plaintiffs filed a motion for summary judgment on damages and permanent injunction, which further sought an order certifying a subclass of current Flagstar customers, represented by the Bravos, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

WHEREAS, on December 10, 2020, the Court granted Plaintiffs' motion for summary judgement on damages and permanent injunction and awarded certain restitution for class members (i.e., mortgage loan customers of Flagstar's from April 18, 2014 through December 31, 2019 who did not receive certain interest on escrow ("IOE")).  The Court also certified a Subclass of current Flagstar customers and appointed the Bravos as class representatives (the "Subclass").  The Court granted injunctive relief as to the Subclass as follows:

> 1. Flagstar shall credit subclass members' escrow accounts for any IOE that may have accrued after January 1, 2020. Consistent with its current practice and with Section 2954.8(a) itself, Flagstar shall do so at the end of each

1. calendar year for escrow accounts that remain active. For example, Flagstar shall credit the escrow accounts of subclass members for any IOE that has already accrued and will accrue in 2020 on January 1, 2021. That process shall continue each year thereafter.

2. For class members whose loans (a) Flagstar serviced in 2020; (b) did not pay IOE on; (c) whose escrow accounts were subsequently closed after January 1, 2020, but before the issuance of this order, Flagstar shall retroactively pay those class members their accrued IOE, if at all, for the relevant time period. Flagstar shall do so by January 29, 2021;

3. Similarly, going forward, subclass members whose loans Flagstar will stop servicing for whatever reason before the end of a calendar year, shall be paid their accrued IOE, if at all, at the point where Flagstar closes their escrow accounts.

4. Consistent with Section 2954.8(a), the amount of IOE Flagstar pays shall be at least two percent.

WHEREAS, pursuant to the Court's December 10, 2020 order, Flagstar must credit all Subclass members' IOE for 2020 on January 1, 2021, three weeks after the issuance of the Order. Likewise, Flagstar must credit certain customers' IOE by January 29, 2021;

WHEREAS, Flagstar represents that complying with the timelines set forth in the Order with respect to 2020 IOE presents significant operational and logistical challenges for Flagstar, rendering compliance with the stated deadlines of January 1, 2021 and January 29, 2021 near impossible. For example, there is no current practice or system capability to credit or pay 2020 IOE to the Subclass, and thus, the process would require manual review, including to ensure accurate calculation of the IOE and accurate processing of legally required tax reporting documents. Flagstar cannot accurately calculate the total IOE accrued in 2020 for the Subclass until on or after December 31, 2020, as IOE would accrue each day in 2020. However, the Court's order requires that Flagstar credit such accrued IOE on January 1, 2021, potentially providing a mere 24 hours for Flagstar to pull the data, review and calculate the accrued IOE, and facilitate the operational task of crediting and/or sending IOE to the Subclass.

WHEREAS, in an effort to preserve party and judicial resources, the Parties request that the Court amend its December 10, 2020 order to (1) extend the end date of the monetary restitution award period from December 31, 2019 to December 31, 2020, as detailed in the [proposed] order below, (2) extend the effective date of the permanent injunctive relief to the date of entry of the updated judgement as detailed in the [proposed] order below, and (3) set the time and manner for Plaintiffs to

bring their motion for attorney fees and provide notice thereof to the Class as detailed in the [proposed] order below.

WHEREAS, the Parties believe the requested relief will not otherwise alter or amend the Court's December 10, 2020 order, especially insofar as the value of the restitutionary award of IOE for the Class and Subclass will remain accrued IOE. The requested relief will only impact the timeline for potentially crediting and/or sending IOE to Subclass members; and

WHEREAS, the Parties further believe that the requested relief will promote judicial economy, and preserve party and judicial resources by consolidating the restitution awarded to the Class and Subclass in the order and thereby streamlining the effective date of said award.

WHEREAS, by submitting this Stipulation, the Parties are not waiving their appellate rights proscribed under the applicable rules.

**IT IS SO STIPULATED.**

Date: December 17, 2020              Respectfully submitted,


**MCGUIREWOODS LLP**


By: */s/ David C. Powell*
    David C. Powell
    Attorney for Flagstar Bank, FSB

Date: December 17, 2020              **LAW OFFICES OF PETER FREDMAN PC**


By: */s/ Peter B. Fredman*
    Peter B. Fredman
    Attorneys for Plaintiffs WILLIAM KIVETT and
    BERNARD and LISA BRAVO, for themselves and
    persons similarly situated

**ATTESTATION**

The undersigned hereby attests that all signatories listed above, and on whose behalf this Stipulation is submitted, concur in and have authorized the filing of this Stipulation.

Date:  December 17, 2020

By: */s/ David C. Powell*
David C. Powell
Attorney for Flagstar Bank, FSB

**PURSUANT TO STIPULATION,**

Based on the Parties' joint stipulation, and good cause shown, the Court hereby amends its December 10, 2020 order to provide as follows:

1. The end date for the monetary restitution award period shall be extended from December 31, 2019 to December 31, 2020. Specifically, instead of awarding $8,101,175.64 in restitution for accrued and unpaid IOE to the Class through December 31, 2019, as well as prejudgment interest of two percent thereon, the Court shall award an "updated amount" in restitution for accrued and unpaid IOE to the Class through December 31, 2020, as well as prejudgment interest of two percent thereon. The updated amount shall be set as follows:

    a. By February 1, 2021, Flagstar shall provide to Plaintiffs the necessary data to calculate the updated amount of the monetary restitution award through December 31, 2020, as well as prejudgment interest of two percent thereon.

    b. By March 1, 2021, Plaintiffs shall calculate the account-by-account allotment to each class member — with IOE and prejudgment interest stated separately — and file a form of judgment with class members' names that gives each class member's exact recovery.

2. The effective date of the permanent injunctive relief shall be extended to the date of entry of the judgement. Thereafter:

    a. Flagstar shall credit subclass members' escrow accounts for any IOE that accrues on or after January 1, 2021. Consistent with its current practices for sub-serviced loans and with Section 2954.8(a) itself, Flagstar shall issue the applicable credits at the end of each calendar year for escrow accounts that remain active as of December 31, 2021, and each year thereafter.

    b. For subclass members whose loans Flagstar services in 2021 and whose escrow accounts are closed on or after January 1, 2021 but before entry of the judgment, Flagstar shall pay those subclass members their accrued IOE, if any, for the relevant time period within 30 days of the date of the entry of the judgment.

      c.  Similarly, going forward after the date of entry of the judgment, subclass members whose loans Flagstar stops servicing for whatever reason before the end of a calendar year, shall be paid their accrued IOE, if any, promptly upon closing their escrow accounts.

      d.  Consistent with Section 2954.8(a), the amount of IOE Flagstar pays shall be at least two percent.

3.  Plaintiffs shall have 35 days after the date of entry of the judgment to file their motion for attorney fees and provide notice of it to the Class members by posting the motion and all supporting papers on the Class administration website (http://flagstar-interest-on-escrow-class-action.com). The hearing on the motion for attorney fees shall be set for not less than 45 days after said notice of the motion is provided.

**IT IS SO ORDERED.**

DATED: December 18, 2020.

                                                          _____
                                                          The Honorable William Alsup
                                                          United States District Judge

**CERTIFICATE OF SERVICE**

I, David C. Powell, certify that on December 17, 2020, the foregoing document entitled JOINT STIPULATION AMENDING ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

*/s/ David C. Powell*
David C. Powell