**FILED**

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM KIVETT; et al., | No. 21-15667 |
| Plaintiffs-Appellees, | D.C. No. 3:18-cv-05131-WHA |
| v. | |
| FLAGSTAR BANK, FSB, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

On Remand from the United States Supreme Court

Before: BYBEE and R. NELSON, Circuit Judges, and BOLTON,** District Judge.

Flagstar Bank, FSB ("Flagstar"), a midsize federal savings bank operating in all fifty states, appealed the district court's order granting summary judgment to William Kivett, Bernard Bravo, and Lisa Bravo. The three are representatives of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

former and current mortgagors to whom Flagstar never paid interest on escrow ("IOE"), notwithstanding California Civil Code § 2954.8(a), which requires all banks to pay 2% interest to borrowers on money held in escrow accounts. The district court found that *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018), foreclosed Flagstar's argument that the National Bank Act ("NBA") preempted § 2954.8(a) and granted summary judgment to the classes without making any factual findings as to the impact of § 2954.8(a) on Flagstar's banking operations. We affirmed. The Supreme Court granted Flagstar's petition for writ of certiorari, vacated the judgment, and remanded the case for our consideration in light of *Cantero v. Bank of America, N.A.*, 144 S. Ct. 1290 (2024). We have jurisdiction under 28 U.S.C. § 1291 and reaffirm.

    1.    "Questions of statutory interpretation are reviewed de novo . . . as are questions of preemption." *Lopez v. Wash. Mut. Bank, F.A.*, 302 F.3d 900, 903 (9th Cir. 2002), *as amended*, 311 F.3d 928 (9th Cir. 2002) (internal citations omitted). Summary judgment is also reviewed de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). Viewing the evidence in the light most favorable to the nonmovant, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.* (citation omitted).

The Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd–Frank") mandates that national banks comply with applicable state laws that do not "prevent[] or significantly interfere[] with" national bank powers. *Cantero*, 144 S. Ct. at 1297 (quoting 12 U.S.C. § 25b(b)(1)(B)). In *Lusnak*, we reversed a district court's holding that the NBA preempted § 2954.8(a). 883 F.3d at 1194–97. We found that Dodd–Frank's mandate that national banks comply with "applicable" state IOE laws "expresses Congress's view that [IOE] laws would not necessarily prevent or significantly interfere with a national bank's operations." *Id.* at 1194–95 (citing 15 U.S.C. § 1639d(g)(3)). We also found that no legal authority established that IOE laws prevented or significantly interfered with national bank powers. We therefore held that the NBA did not preempt § 2954.8(a).

Here, the district court correctly concluded that, given our decision in *Lusnak*, Flagstar could not succeed in arguing that § 2954.8(a) was preempted by the NBA. Flagstar concedes that its banking operations in this case are regulated by the NBA, which has regulated all federal savings banks since the passage of Dodd–Frank. *See id.*, 883 F.3d at 1196 & n.8 (reasoning that the OCC, regulator under the NBA, does not enjoy field preemption over the regulation of national banks or federal savings associations). Though Flagstar argues that *Lusnak*'s holding applies only to "large corporate banks," *Lusnak*'s language is unqualified: "no legal authority establishes that state [IOE] laws prevent or significantly interfere with the exercise of national

3

bank powers, and Congress itself, in enacting Dodd–Frank, has indicated that they do not. Accordingly, we hold that the NBA does not preempt California Civil Code § 2954.8(a)." *Id.* at 1197.

Flagstar's argument that *Lusnak*'s procedural posture limits its authority in this case is similarly unavailing. Arguing that the instant appeal of summary judgment should not be controlled by a decision reversing a motion to dismiss, Flagstar ignores our practice of deciding questions of preemption whenever they may arise in litigation, including on motions to dismiss. *See, e.g.*, *McShannock v. JP Morgan Chase Bank N.A.*, 976 F.3d 881, 895 (9th Cir. 2020) (reversing denial of motion to dismiss on the basis that the Home Owners' Loan Act of 1933 preempted state law); *Gutierrez v. Wells Fargo Bank, N.A.*, 704 F.3d 712, 716–18, 730 (9th Cir. 2012) (vacating permanent injunction after bench trial on the basis that the NBA preempted state law); *Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1035–38 (9th Cir. 2008) (affirming judgment on the pleadings on the basis that the NBA preempted state law); *Polich v. Burlington N., Inc.*, 114 F.3d 122, 124 (9th Cir. 1997) (per curiam) (affirming summary judgment on the basis that the Interstate Commerce Act preempted state law). Relatedly, Flagstar argues that Dodd–Frank mandated preemption determinations be "case-by-case" and based on "substantial evidence." But as the *Lusnak* court reasoned, "[t]hese [regulations] have no bearing here where the preemption determination is made by this court and not the OCC."

4

883 F.3d at 1194; *see also* 12 U.S.C. § 25b(b)(1)(B). No factual review of Flagstar's record on summary judgment was necessary to determine whether § 2954.8(a) prevented or significantly interfered with Flagstar's banking operations, and the district court did not err in declining to conduct such review.

Flagstar and amici Mortgage Bankers Association and American Bankers Association alternatively ask us to overrule *Lusnak* as wrongly decided. A three-judge panel may only depart from an earlier panel's decision if it is "clearly irreconcilable with the reasoning or theory of intervening higher authority[.]" *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). And the Supreme Court's decision in *Cantero* suggests that *Lusnak* was correctly decided. We properly applied the test for preemption from *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25 (1996), in concluding that no legal authority established that IOE laws significantly interfered with national bank powers, and that the text of Dodd–Frank also reflected Congress's view that such laws do not. *Lusnak*, 883 F.3d at 1197; *see Cantero*, 144 S. Ct. at 1301 n.3 (collecting cases determining the degree of state laws' interference with national bank powers from "the text and structure of the laws, comparison to other precedents, and common sense").

2.   Flagstar also argued that the district court incorrectly tolled the statute of limitations and accordingly misstated the award. Appellees concede this point, and all parties agree that, pursuant to 28 U.S.C. § 2106, we should modify the final

5

class certification order and judgment. The Court will therefore remand for modification of these two points.

**The district court's preemption holding is AFFIRMED. The judgment and class certification order are VACATED and REMANDED to modify the judgment amount from $9,262,769.24 to $9,180,580.15 and the class definition date from April 18, 2018, to August 22, 2018.**